UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| DENNIS M. CONLIN, JR., | ) |
| | ) |
| Petitioner, | ) |
| | ) No. 4:21-cv-1287-MTS |
| v. | ) |
| | ) |
| TERI LAWSON, | ) |
| | ) |
| Respondent. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court upon petitioner's (1) motion to proceed *in forma pauperis* and (2) motion for appointment of counsel. For the following reasons, the Court will deny as moot petitioner's motion to proceed *in forma pauperis* and deny without prejudice petitioner's motion for appointment of counsel.

On November 1, 2021, the Court received petitioner's $5.00 filing fee for this petition under 28 U.S.C. § 2254 for writ of habeas corpus by a person in state custody. Because petitioner has paid his filing fee, the Court will deny as moot his motion to proceed *in forma pauperis*.

As to petitioner's motion for appointment of counsel, the appointment of counsel for an indigent plaintiff in a civil matter lies within the discretion of the Court. *See Phillips v. Jasper Cty. Jail*, 437 F.3d 791, 794 (8th Cir. 2006). The standard for appointment of counsel in a civil case is whether both the petitioner and the Court would benefit from the assistance of counsel. *See Edgington v. Mo. Dep't of Corr.*, 52 F.3d 777, 780 (8th Cir. 1995) (abrogated on other grounds, *Doe v. Cassel*, 403 F.3d 986, 989 (8th Cir. 2005). This determination involves the consideration of several relevant criteria which include "the factual complexity of the issues, the ability of the indigent person to investigate the facts, the existence of conflicting testimony, the ability of the

indigent person to present the claims, and the complexity of the legal arguments." *Phillips*, 437 F.3d at 794 (citing *Edgington*, 52 F.3d at 780).

In this matter, the Court finds that appointment of counsel is not mandated at this time. The action does not appear to involve complex questions of law and petitioner appears able to clearly present and investigate his claim. He has filed a readily understood pleading which indicates that he is capable of clear expression and appropriate organization of content. The Court concludes that the appointment of counsel would not be of sufficient benefit to the Court or to petitioner, and will deny petitioner's motion for appointment of counsel, without prejudice.

Accordingly,

**IT IS HEREBY ORDERED** that petitioner's motion to proceed *in forma pauperis,* Doc. [3], is **DENIED** as moot.

**IT IS FURTHER ORDERED** that petitioner's motion for the appointment of counsel, Doc. [2], is **DENIED without prejudice**.

Dated this 23rd day of November, 2021.

MATTHEW T. SCHELP
UNITED STATES DISTRICT JUDGE